In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00496-CV**
_____

**IN RE COMMITMENT OF JAMES EDWARD MUZZY**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-01-00183 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit James Edward Muzzy as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Muzzy is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Muzzy contends that: (1) the trial court improperly denied him the right to have an attorney present during the State's post-petition expert examination; and (2) the evidence is factually insufficient to support the jury's verdict. We affirm the trial court's judgment and order of civil commitment.

1

Right to Counsel

In issue one, Muzzy contends that the trial court committed reversible error by denying him the right to the presence of an attorney at the pre-trial expert examination. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during a psychiatrist's post-petition examination. *See In re Commitment of Smith*, No. 09-13-00100-CV, 2014 Tex. App. LEXIS 667, at *10 (Tex. App.—Beaumont Jan. 23, 2014, pet. denied) (not yet released for publication). We overrule issue one.

Factual Sufficiency

In issue two, Muzzy challenges the factual sufficiency of the evidence to support the jury's verdict. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West

Supp. 2013). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2).

At trial, the jury heard evidence regarding Muzzy's criminal history, including his sexual offenses. Muzzy admitted that he was convicted of two counts of indecency with a child and has not participated in sex offender treatment. Muzzy testified that he does not believe he is a pedophile or sex offender, but believes he was falsely accused and is a victim. He testified that he does not need sex offender treatment, but is willing to participate in treatment. Muzzy stated that he has not sexually offended in prison, but admitted that he has no contact with children in prison.

Dr. David Self, a medical doctor specializing in psychiatry and forensic psychiatry, opined that Muzzy suffers from a behavioral abnormality. Self identified several risk factors that increase Muzzy's likelihood of re-offense: sexual deviance, lifestyle instability, intimacy deficits, response to treatment and supervision, and age. Self diagnosed Muzzy with pedophilia and antisocial personality disorder. Self explained that pedophilia can be controlled, but that

Muzzy had exhibited none of the factors required for controlling his behavior. Self testified that Muzzy's risk of reoffending is moderate to high.

Dr. Jason Dunham, a forensic psychologist, also testified that Muzzy suffers from a behavioral abnormality. Dunham identified antisocial personality disorder, sexual deviance, number of victims, pattern, grooming and planning, offenses while in a relationship, while on supervision, and in a public place, victim characteristics, noncontact sexual offenses, lack of remorse and empathy, victim stance, poor understanding of risk, sense of entitlement, and sexual preoccupation as Muzzy's risk factors. Dunham diagnosed Muzzy with pedophilia, cannabis abuse, and antisocial personality disorder. He explained that Muzzy's inability to control himself is reflected by his pedophilia and his offenses committed while under supervision, and that Muzzy's sexual offenses, sexual deviancy, and pedophilia support a conclusion that his emotional or volitional capacity has been affected. Dunham scored the Static-99R actuarial test and he explained that Muzzy's score of two is in the low to moderate risk category, but that this score underestimates Muzzy's risk of re-offense. Based on his entire evaluation, Dunham opined that Muzzy is a high level of risk.

On appeal, Muzzy contends that the testimony from the State's experts was conclusory. We disagree. The record demonstrates that Self and Dunham are

4

licensed in their respective fields. They interviewed Muzzy, reviewed records regarding his background, offenses, and incarceration, relied on the types of records relied on by experts in their fields, and performed their evaluations in accordance with their training as professionals in their fields. The experts based their opinions on the facts and data gathered from the records they reviewed, their interviews with Muzzy, and the risk assessments they conducted. They explained in detail the facts and evidence relevant in forming their opinions and how those facts played a role in their evaluations. Both Self and Dunham concluded that Muzzy suffers from a behavioral abnormality as defined by the SVP statute. Their testimony is not so conclusory as to be completely lacking in probative value. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *14 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.).

Muzzy further contends that the State's experts relied on incorrect legal standards. First, Muzzy complains of the experts' definitions of "likely." Self defined "likely" as "[m]ore than a mere possibility." Dunham explained that the meaning of "likely" is "up to each individual evaluator or clinician[,]" but that he believed "likely" to mean "a pretty good chance something is going to happen." Muzzy argues that both these definitions fail to "comport with the constitutional requirements for involuntary civil commitment." However, this Court has rejected

5

the notion that the term "'likely' has a precise definition of the type associated with any certain assigned percentage of risk." *In re Commitment of Kalati*, 370 S.W.3d 435, 439 (Tex. App.—Beaumont 2012, pet. denied). Additionally, the experts' testimony is not insufficient merely because the term "likely" is not defined by the statute or case law. *In re Commitment of Kirsch*, No. 09-08-00004-CV, 2009 Tex. App. LEXIS 5436, at *17 (Tex. App.—Beaumont July 16, 2009, pet. denied) (mem. op.). Nor does an expert's explanation of the term "likely," in and of itself, render the evidence insufficient to support a jury's finding that a person suffers from a behavioral abnormality. *Id*. at *19. Rather, an expert's definition merely goes to the weight that the jury might give the expert's testimony. *Id*.

Muzzy also complains of the experts' testimony regarding volitional impairment. Self testified that someone's pedophilia and antisocial traits alone would be sufficient to support a finding of behavioral abnormality if the person had been diagnosed with pedophilia due to committing multiple offenses against children. Dunham testified that, when determining a person's ability to control his behavior, one must look for evidence that the deviancy or pedophilia has stopped. According to Muzzy, this testimony presumes that all repeat sex offenders are volitionally impaired.

Whether a person suffers from an emotional or volitional defect so grave as to cause behavior that makes him a menace is included in the determination of whether he has "serious difficulty in controlling behavior." *In re Commitment of Almaguer*, 117 S.W.3d 500, 505-06 (Tex. App.—Beaumont 2003, pet. denied). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *Id*. at 506. The jury could infer serious difficulty controlling behavior based not only on the experts' testimony, but also on Muzzy's past behavior and testimony. *See Burnett*, 2009 Tex. App. LEXIS 9930, at *13; *see also In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *20 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.). Accordingly, we cannot say that the experts' testimony regarding volitional capacity renders the evidence insufficient.

We conclude that, as sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Muzzy suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681, at **6-8 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.); *see*

7

*also Almaguer*, 117 S.W.3d at 506; *Burnett*, 2009 Tex. App. LEXIS 9930, at *13; *Grinstead*, 2009 Tex. App. LEXIS 228, at *16, *In re Commitment of Mullens*, 92 S.W.3d 881, 887 (Tex. App.—Beaumont 2002, pet. denied). That Muzzy has serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization are implicit in this finding. *See In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-13 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.); *see also Grinstead*, 2009 Tex. App. LEXIS 228, at *16. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 22, 2014
Opinion Delivered May 1, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

8